IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMES CONSORT and GILLIAN CONSORT, husband and wife, | 2:21-cv-39-BU-BMM |
| Plaintiffs, | |
| vs. | ORDER |
| NORTHWESTERN CORPORATION and DAVEY TREE SURGERY COMPANY, | |
| Defendants. | |

INTRODUCTION

James and Gillian Consort ("Consorts") brought this action against NorthWestern Corporation ("NorthWestern") and Davey Tree Surgery Company ("Davey Tree") (collectively, "Defendants") based on claims arising from Defendants' alleged destruction of three large Douglas Fir trees on Plaintiffs' property. (Doc. 5). Consorts seek damages for wrongful infliction of damage to property and emotional distress. (Doc. 5).

Consorts seek to remand this matter to state court. (Doc. 10). Consorts' Motion to Remand proves fully briefed. (Docs. 10, 13, 28). The Court held a motion hearing on July 27, 2021. (Doc. 33).

## BACKGROUND

Consorts have lived in Butte-Silver Bow County for more than 21 years. Their property includes an area with large trees and vegetation. Consorts left their property in January 2019 to vacation in Florida. NorthWestern provides electrical services to Consorts at their property. NorthWestern contracted with Davey Tree to maintain easement areas for its power lines in Butte-Silver Bow County. Davey Tree allegedly destroyed three Douglas Fir trees on Consort's property while Consorts were in Florida. Consorts seek damages for wrongful infliction of damage to property and emotional distress. (Doc. 5).

Consorts initially filed suit in the Second Judicial District Court, a Montana state court located in Silver Bow County. (Doc. 5). Consorts failed to properly name and serve Davey Tree. (Doc. 13 at 3). NorthWestern attempted to remove the case to federal court based on diversity jurisdiction on March 11, 2020. (Doc. 13 at 3). Judge Sam E. Haddon determined that "jurisdiction [was] not well-pleaded" because NorthWestern's notice of removal was based on mere allegations of Consorts' and Davey Tree's residency. (Doc. 13-1 at 2). Judge Haddon found such allegations insufficient to establish citizenship. (Doc. 13-1 at 2). Judge Haddon further found that NorthWestern's notice failed to state whether Davey Tree had been served or consented to removal, as required by the removal statute. (Doc. 13-1 at 3).

Judge Haddon provided NorthWestern with an opportunity to amend its notice of removal to invoke the Court's jurisdiction. (Doc. 13-1 at 4). NorthWestern filed an amended notice of removal, however, Judge Haddon again found it lacking. (Doc. 13-2). It remains unclear on the order's face why Judge Haddon found this new pleading insufficient for NorthWestern to invoke diversity jurisdiction.

Consorts filed an amended complaint properly naming Davey Tree as a defendant on August 25, 2020. (Doc. 13 at 4). Consorts properly served Davey Tree on April 19, 2021. (Doc. 13 at 4). Davey Tree filed a notice of removal based on diversity jurisdiction on April 27, 2021. (Doc. 1). That notice alleges, in part, that Consorts are residents and citizens of Montana, Davey Tree is a citizen of Delaware and California, and NorthWestern is a citizen of Delaware and South Dakota. (Doc. 1 at 3–4). The notice further provides that NorthWestern consented to removal. (Doc. 1 at 4).

Consorts filed a Motion to Remand on May 25, 2021. (Doc. 10). Consorts argue that Judge Haddon's previous orders should bind the Court. (Doc. 11 at 5). Davey Tree argues that it has invoked properly the Court's jurisdiction, and that it is entitled to its own attempt at removal separate and distinct from NorthWestern's previous attempts. (Doc. 13).

## ANALYSIS

Congress granted the federal courts retain original jurisdiction over civil actions between "citizens of different States" when the "matter in controversy exceeds . . . $75,000." 28 U.S.C. § 1332(a)(1); *see also* U.S. Const., Art. III, § 2 ("judicial Power shall extend to . . . Controversies . . . between Citizens of different States"). The U.S. Supreme Court has interpreted the requirement that parties be "citizens of different states" as a requirement of so-called "complete diversity" among the parties. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267–68 (1806); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). A court may find complete diversity "only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998); *see also Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001) (citing *Wis. Dep't of Corrections*, 524 U.S. at 388; *Strawbridge v. Curtiss*, 7 U.S. at 267) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").

"To show state citizenship for diversity purposes under federal common law a [natural person] must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (citations omitted). A corporation proves the citizen of any state of

incorporation as well in the state where it holds its "principal place of business" where "a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 85, 92 (2010).

Davey Tree filed a Notice of Removal including allegations of citizenship. (Doc. 1). Davey Tree alleges that Consorts remain citizens of Montana. (Doc. 1 at 3). Davey Tree states that it is a Delaware corporation with its principal place of business in California, so it proves a Delaware and California citizen. (Doc. 1 at 3–4). Davey Tree further alleges that NorthWestern is a Delaware corporation with its principal place of business in South Dakota, so it proves a Delaware and South Dakota citizen. (Doc. 1 at 4). Such allegations of citizenship constitute complete diversity: each plaintiff proves diverse from each defendant. *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d at 1005.

Consorts do not contest these allegations of citizenship, but rather argue that Judge Haddon's previous orders bind the Court. (Doc. 11 at 4). This argument proves unavailing. The plain text of the removal statute provides an opportunity for "[e]ach defendant" to file a notice of removal. 28 U.S.C. § 1446(b)(2). Consorts did not correctly name and serve Davey Tree, so it has only now realized its opportunity to remove this case. Davey Tree properly exercised its own independent right to invoke federal jurisdiction over this controversy.

Even if Judge Haddon's order bound the Court, the Consorts fundamentally misread Judge Haddon's orders. Consorts argue that Judge Haddon found "Northwestern Corporation" did "not have diversity of citizenship." (Doc. 11 at 4). Judge Haddon did not make such a finding. Rather, he found NorthWestern's allegations that Davey Tree was not a citizen of Montana insufficient to establish citizenship. (Doc. 13-1 at 2). NorthWestern had not identified Davey Tree's citizenship, and instead alleged non-citizenship. Judge Haddon found such allegations unavailing. Davey Tree had not made its appearance in the case at that time because it was named incorrectly and served improperly. Davey Tree now alleges citizenship of all parties and has properly alleged diversity. The Court will not deprive Davey Tree of its entitled federal forum.

Judge Haddon's second finding also fails to bind the Court. Judge Haddon further found that NorthWestern's notice of removal failed to state whether Davey Tree had been served or consented to removal, as required by the removal statute. (Doc. 13-1 at 3). The federal removal statute requires all defendants to join or consent in the removal of an action. 28 U.S.C. § 1446(b)(2). Again, Davey Tree had not made its appearance in the case at that time because it was named incorrectly and served improperly. NorthWestern could not obtain Davey Tree's consent. Davey Tree states in its own notice of removal that NorthWestern has

provided its consented to removal. (Doc. 1 at 4). That notice meets the statutory requirement. 28 U.S.C. § 1446(b)(2).

Diversity jurisdiction further requires the "matter in controversy exceeds . . . $75,000." 28 U.S.C. § 1332(a)(1). Consorts allege an amount in controversy of $77,700 in property damage in addition to $100,000 for emotional damages. (Doc. 1 at 4). This case meets the matter in controversy requirement for diversity jurisdiction.

Davey Tree has pled adequately the requirements of diversity jurisdiction. The Court will deny Consort's Motion to Remand.

## ORDER

Accordingly, **IT IS ORDERED** that Consort's Motion to Remand (Doc. 10) is **DENIED**.

Dated the 3rd day of August, 2021.

_____
Brian Morris, Chief District Judge
United States District Court